**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIOTR JASZCZYSZYN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, PETER FARICY, and MANAVENDRA S. SIAL,<br><br>Defendants. | Case No. 4:22-cv-00956-HSG<br><br>**NOTICE OF MOTION AND MOTION OF DEMING SONG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: Haywood S. Gilliam, Jr.<br>Hearing: October 6, 2022<br>Time: 2:00 p.m.<br>Courtroom: 2 – 4th Floor (Oakland) |

**PLEASE TAKE NOTICE** that on October 6, 2022 at 2:00 p.m. before the Honorable Haywood S. Gilliam, Jr., movant Deming Song ("Movant") will and does move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

This Motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of persons and entities that purchased or otherwise acquired SunPower Corporation

1

("SunPower" or the "Company") securities between August 3, 2021 and January 20, 2022, inclusive (the "Class Period"), as Movant timely made this Motion, has the largest financial interest, and otherwise satisfies the pertinent requirements of Federal Rule of Civil Procedure 23; and (2) Movant's selection of Rosen Law as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to L.R. 3-7(d), a certification pursuant to L.R. 3-15, and a proposed order.

### MEMORANDUM OF POINTS AND AUTHORITIES

Movant respectfully submits this memorandum in support of their motion for an Order, pursuant to Section 21D of the Exchange Act, as amended by the PSLRA:

(1)     appointing Movant as Lead Plaintiff for all persons other than defendants who purchased the securities of SunPower in the Class Period, seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)     appointing Rosen Law as Lead Counsel for the Class.

## I.     STATEMENT OF ISSUES TO BE DECIDED

(1)     Whether the Court should appoint Movant as Lead Plaintiff pursuant to 15 U.S.C. 78u-4(a)(3)(B); and

(2)     Whether the Court should approve Movant's selection of Rosen Law as Lead Counsel for the class pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v).

## II.    CLAIMS ASSERTED

This action was commenced on February 16, 2022 against Defendants for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, an early notice pursuant to the PSLRA was issued, advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

SunPower is a solar energy company that provides hardware, software, and financing options for customers. It also provides "Smart Energy" solutions as part of its initiative to add layers of intelligent control to homes, buildings, and grids through personalized customer interfaces. It operates under two segments: Residential, Light Commercial ("RLC"), which refers to sales of solar energy solutions; and Commercial and Industrial Solutions ("C&I Solutions"), which refers to direct sales of turn-key engineering, procurement, and construction services, as well as sales of energy under power purchase agreements.

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) that certain connectors used by SunPower suffered from cracking issues; (2) that, as a result, the Company was reasonably likely to incur costs to remediate the faulty connectors; (3) that, as a result of the foregoing, SunPower's financial results would be adversely impacted; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On January 20, 2022, SunPower announced that it had "identified a cracking issue that developed over time in certain factory-installed connectors." The Company said that it "expects approximately $27 million of supplier-quality related charges in fourth quarter 2021 and approximately $4 million in the first quarter of 2022" to replace the faulty connectors.

On this news, the Company's share price fell $3.22, or 16.9%, to close at $15.80 per share on January 21, 2022, on unusually heavy trading volume. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### 1.  Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published

NOT. OF MTN. AND MTN. OF DEMING SONG FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – Case No. 4:22-cv-00956-HSG

1  notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as

2  practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B).

3       The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to

4  serve as Lead Plaintiff is the "person or group of persons" that:

5       (aa) has either filed the complaint or made a motion in response to a notice . . .;

6       (bb) in the determination of the Court, has the largest financial interest in the relief

7            sought by the class; and

8       (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

9            Procedure.

10  15 U.S.C. § 78u-4(a)(3)(B)(iii).

11      As set forth below, Movant satisfies the above criteria, having the largest financial interest

12  of any movant in this litigation, and is therefore the most adequate plaintiff and should be

13  appointed as Lead Plaintiff.

14                  **A.  Movant Is Willing to Serve as Class Representative**

15      Movant timely filed the instant motion in response to a PSLRA early notice, and filed

16  herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the

17  Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl.,

18  Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

19                  **B.  Movant Has the Largest Financial Interest in the Action**

20      The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

21  plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought

22  by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA does not specify precisely how

23  to calculate the "largest financial interest," the movant's approximate losses in the subject

24  securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr.

25  16, 2007) (citing cases).

26      Movant lost approximately $105,881.41 in connection with purchases of SunPower

27  securities. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Accordingly, Movant satisfies the

28  largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

**C.  Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the Class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

1    Thus, the close alignment of interests between Movant and other Class members, and

2  Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint

3  Movant as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

6    The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only

7  upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate

8  plaintiff:

9        (aa) will not fairly and adequately protect the interests of the class; or

10        (bb) is subject to unique defenses that render such plaintiff incapable of

11            adequately representing the class.

12  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

13    Movant's ability and desire to fairly and adequately represent the Class has been discussed

14  above. Movant is not aware of any unique defenses that Defendants could raise against Movant

15  that would render Movant inadequate to represent the Class. Movant has 22 years of investing

16  experience.  He is 74 years old and lives in New York.  He has a PhD and master's degree and is

17  currently retired.   Prior to his retirement, Movant was a scientist with the Food and Drug

18  Administration.  Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### 2. Movant's Selection of Counsel Should Be Approved

20    The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject

21  to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with

22  the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. §

23  78u-4(a)(3)(B)(iii)(II)(aa).

24    Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching

25  the Class' and the Movant's claims, reviewing publicly available financial and other documents

26  and gathering information in support of the claims against the Defendants. Furthermore, the firm

27  is experienced in the area of securities litigation and class actions, having been appointed as lead

28  counsel in securities class actions in this District and in numerous courts throughout the nation.

1   Rosen Law has prosecuted securities fraud class actions and other complex litigation and has

2   obtained substantial recoveries on behalf of investors. Rosen Law's firm resume is attached as

3   Exhibit 4 to the Rosen Declaration.

4      As a result of the firm's experiences in litigation involving issues similar to those raised

5   in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this

6   action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's

7   selection of counsel, the members of the Class will receive the best legal representation available.

8   **IV.**   **CONCLUSION**

9      For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1)

10   appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law as Lead Counsel; and

11   (3) granting such other relief as the Court may deem to be just and proper.

12

13   Dated: April 18, 2022        Respectfully submitted,

14                   **THE ROSEN LAW FIRM, P.A.**

15                   /s/Laurence M. Rosen

16                   Laurence M. Rosen, Esq. (SBN 219683)
                355 South Grand Avenue, Suite 2450

17                   Los Angeles, CA 90071
                Telephone: (213) 785-2610

18                   Facsimile: (213) 226-4684
                Email: lrosen@rosenlegal.com

19

20                   *[Proposed] Lead Counsel for Plaintiff and the Class*

21                   **THE SCHALL LAW FIRM**
                Brian Schall, Esq.

22                   2049 Century Park East, Suite 2460
                Los Angeles, CA 90067

23                   Telephone: (310) 301-3335
                Fax: (213) 519-5876

24                   Email: brian@schallfirm.com

25                   *Additional Counsel for Movant*

26

27

28

NOT. OF MTN. AND MTN. OF DEMING SONG FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF
COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – Case No. 4:22-cv-00956-HSG

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On April 18, 2022, I electronically filed the following **NOTICE OF MOTION AND MOTION OF DEMING SONG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.


Executed on April 18, 2022.


/s/Laurence M. Rosen
Laurence M. Rosen