UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIOTR JASZCZYSZYN,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>    Defendants. | Case No. 22-cv-00956-HSG<br><br>**ORDER GRANTING THE PENSION & RETIREMENT FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND DENYING REMAINING MOTIONS FOR APPOINTMENT**<br><br>Re: Dkt. Nos. 16, 20, 25 |

Pending before the Court are three competing motions for appointment of lead plaintiff. *See* Dkt. Nos. 16, 20, 25.  The Court held a hearing on this matter on October 6, 2022.[1]  For the reasons detailed below, the Court **GRANTS** Steamfitters Local 449 Pension & Retirement Security Funds' ("Pension & Retirement Funds") motion, Dkt. No. 25, and **DENIES** the remaining motions, Dkt. Nos. 16, 20.

**I.   BACKGROUND**

On April 18, 2022, the Court received three competing motions for appointment of lead plaintiff in this putative securities class action.  The pending motions seek appointment of (1) Deming Song, represented by The Rosen Law Firm, P.A., Dkt. No. 16; (2) the Pension & Retirement Funds, represented by Robbins Geller Rudman & Dowd LLP, Dkt. No. 25; and (3) James and Karla Fillinger, represented by Glancy Prongay & Murray LLP, Dkt. No. 20.[2]

//

//

---

[1] Plaintiffs' counsel failed to appear and the Court took the motions under submission.  *See* Dkt. Nos. 43, 44.
[2] On May 2, 2022, the Fillingers filed a notice of non-opposition to Mr. Song's motion and have not otherwise responded to the motions.  *See* Dkt. No. 38.

## II. APPOINTMENT OF LEAD PLAINTIFF

The Private Securities Litigation Reform Act ("PSLRA") "instructs district courts to select as lead plaintiff the one 'most capable of adequately representing the interests of class members.'" *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(i)). "The 'most capable' plaintiff—and hence the lead plaintiff—is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Id.* The Ninth Circuit interprets the PSLRA as establishing "a simple three-step process for identifying the lead plaintiff pursuant to these criteria." *Id.* Step One consists of meeting the PSLRA's notice requirement. *Id.* Step Two consists of identifying the presumptive lead plaintiff. *Id.* at 729–30. At Step Three, other prospective plaintiffs have an opportunity to rebut the presumptive lead plaintiff's showing that it meets the Rule 23 requirements. *Id.* at 730.

### A. Notice Requirement

"The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Id.* at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice must be published within 20 days of the complaint's filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also alert putative class members "(I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.*

Here, notice was published in *Business Wire* on the same day that the complaint was filed. *Compare* Dkt. No. 1 ("Compl."), *with* Dkt. No. 17-1, Ex. 1. This complied with the PSLRA's 20-day filing deadline, and *Business Wire* is a "widely circulated [inter]national business-oriented news reporting service," as required. *See Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). The notice specifically announced the filing of the action against SunPower Corporation; described the asserted claims under the Securities Exchange Act of 1934; described the class as encompassing "persons and entities that have purchased or otherwise acquired SunPower . . . securities between August 3, 2021 and January 20, 2022, inclusive"; and notified putative class members that any motion to be appointed lead plaintiff must be filed within 60 days.

2

*Id.* Accordingly, Step One's requirements are met.

### B. Largest Financial Interest

There is a rebuttable presumption that the "most adequate plaintiff" is the one who "(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i); (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Thus, once the filing requirement of subsection (a)(3)(B)(iii)(I)(aa) is met, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730.

Here, Mr. Song claims to have the highest total loss at $105,881.41. Dkt. No. 16 at 4; *see also* Dkt. No. 17, Ex. 3; Dkt. No. 36 at 2. In opposition, the Pension & Retirement Funds argue that Mr. Song cannot establish a viable securities fraud claim because he is an "in-and-out" trader who sold all his shares before the public disclosure of the alleged fraudulent conduct. Dkt. No 37 at 3–8. Thus, the argument goes, he cannot establish loss causation and either (1) has no financial interest whatsoever or (2) cannot meet the Rule 23 requirements. *Id*.

The Court finds that even if it were to count Mr. Song's losses, he does not meet the Rule 23 requirements as explained below. The proposed lead plaintiff with the next-largest financial interest is the Pension & Retirement Funds at $42,016.78. *See* Dkt. No. 25 at 5; *see also* Dkt. No. 25-1, Exs. B, C.[3]

### C. Typicality and Adequacy

A presumptive lead plaintiff has the burden of setting forth a prima facie case that he can satisfy the class representative requirements of Rule 23(a), typicality and adequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. Competing movants can rebut this showing by submitting evidence indicating that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such

---

[3] The Fillingers have the third-highest total loss at $39,058.68. *See* Dkt. No. 21, Ex. C.

plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

>    **i.    Mr. Song's Status as an "In-and-out" Trader**

The Pension & Retirement Funds argue that Mr. Song's status as an in-and-out trader makes him subject to unique defenses such that he cannot meet the requirements of typicality and adequacy. *See* Dkt. No. 37 at 7. The Court agrees.

"Proof of causation of economic loss is an element of a cause of action for securities fraud." *In re Juniper Networks Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 338 (2005)). Thus, the plaintiff must allege that the defendant's fraud, not market forces, caused the economic loss. *Dura*, 544 U.S. at 345–47. To do so, the plaintiff "must allege that the defendant's 'share price fell significantly after the truth became known.'" *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1062 (9th Cir. 2008) (quoting *Dura*, 544 U.S. at 347).

The Supreme Court noted in *Dura* that "if, say, the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." 544 U.S. at 342. Thus, where a complaint alleges just one corrective disclosure, "only those who held [] stock through that date were harmed by the Defendants' alleged fraud." *Hurst v. Enphase Energy*, Inc., No. 20-CV-04036-BLF, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020). In such cases, courts considering motions to appoint lead plaintiff have refused to consider losses prior to the alleged disclosure. *See, e.g.*, *Ruland v. InfoSonics Corp.*, No. 06CV1231 BTMWMC, 2006 WL 3746716, at *5 (S.D. Cal. Oct. 23, 2006); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 998 (N.D. Cal. 1999) (finding it "inappropriate" to count losses by in-and-out traders). Other courts in this district have found that in-and-out traders do not meet the Rule 23 requirements because they are vulnerable to unique defenses regarding loss causation and reliance on the misrepresentations. *Hurst*, 2020 WL 7025085, at *8.

Mr. Song does not argue that he retained any shares in SunPower after the corrective disclosure on January 21, 2022. His own filings show that he sold all 8,000 shares on December 16, 2021. Dkt. No. 17, Exs. 2, 3. Instead, he responds that the alleged fraud actually "slowly leaked into the market through partial corrective disclosures" and that he held all of his shares

through what he identifies as a "partial disclosure" on November 3, 2021. *See* Dkt. No. 39 at 2–3. He notes that courts do not disqualify in-and-out traders in such cases. *Id.* at 3–4.

Mr. Song's argument is flatly unsupported by the allegations in the complaint. The complaint alleges only one corrective disclosure: the January 21, 2022, announcement that SunPower had "identified a cracking issue that developed over time in certain factory-installed connectors." *See* Compl. ¶¶ 24–25. The complaint clearly sets forth allegations of "Materially False and Misleading Statements Issued During the Class Period" that occurred from August 3, 2021, to November 4, 2021, and a *single* disclosure in a section titled "Disclosures at the End of the Class Period" describing the January 21, 2022, announcement and the subsequent drop in share price. *See* Compl. ¶¶ 17–25. The portion of the complaint referencing November 3, 2021, which describes third-quarter 2021 financial results, makes no allegations of a related drop in share price and cannot reasonably be interpreted as alleging a "partial disclosure."[4] *See* Compl. ¶ 21. There simply are no allegations that the truth leaked out prior to January 21, 2002, and there is nothing in the complaint that would allow the Court to speculate as to partial disclosures and their effect on stock price. *See Ruland*, 2006 WL 3746716, at *5 (noting on a motion to appoint lead plaintiff that "it would be too complicated at this stage of the litigation to make findings of fact regarding any potential partial disclosures"). Notably, Mr. Song first raised this "partial disclosure" theory on reply: he did not allege a partial disclosure in his lead plaintiff application (which instead accurately described the allegations in the complaint) or opposition to the competing motions.

In sum, the Court finds that the Pension & Retirement Funds have successfully rebutted the presumption that Mr. Song is the most adequate plaintiff. Mr. Song does not meet the typicality or adequacy requirements of Rule 23, as he would, at minimum, be subject to unique defenses regarding loss causation and his reliance on Defendants' misrepresentations.

//

---

[4] As the Pension & Retirement Funds note, Mr. Song fails to acknowledge that the same information was disclosed by Defendants on October 5, 2021. *See* Compl. ¶ 20. Mr. Song does not allege that the October announcement caused a drop in share price and offers no explanation for distinguishing these two disclosures.

### ii. The Pension & Retirement Funds

The Court now evaluates the Rule 23 requirements for the Pension & Retirement Funds, as they have the next-largest financial stake. *See Cavanaugh*, 306 F.3d at 732 ("If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake[.]")

First, typicality is satisfied because like the rest of the proposed class, the Pension & Retirement Funds purchased SunPower shares during the class period and allege they suffered damages as a result of Defendants' false or misleading statements. *See* Dkt. No. 25 at 6, 25-1 Exs. B, C. Unlike Mr. Song, the Pension & Retirement Funds retained shares through the January 21, 2022, corrective disclosure and thus are not subject to unique defenses regarding causation. Second, adequacy is satisfied because the Pension & Retirement Funds "will fairly and adequately protect the interests of the class." *See* Fed. R. Civ. P. 23(a)(4). There is no indication of any conflict or antagonism between the Pension & Retirement Funds and other class members. Further, the Pension & Retirement Funds' "substantial financial stake in the outcome of this litigation," timely filing of their motion, and quality of briefing all demonstrate that they are "motivated to, and capable of, vigorously pursuing this litigation." *See Ziolkowski v. Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14, 2017).

The Court finds that the Pension & Retirement Funds have met their burden of establishing that they satisfy the Rule 23 typicality and adequacy requirements at this stage, as no other prospective plaintiff has rebutted their showing. The Court finds the appointment of the Pension & Retirement Funds as lead plaintiff is appropriate.

### III. APPOINTMENT OF LEAD COUNSEL

The Pension & Retirement Funds seek approval of their selection of Robbins Geller as lead counsel. Dkt. No. 25 15 6–8; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). The Court defers to the Pension & Retirement Security Funds' choice of lead counsel because their choice is not "so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on [his] willingness or ability to perform the functions of lead

plaintiff." *Cavanaugh*, 306 F.3d at 733; *see also id.* at 739 n.11 (noting that "Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class"). Robbins Geller has extensive experience as counsel in securities class actions. *See* Dkt. No. 25 at 6–7. The Court thus approves the Pension & Retirement Funds' selection of counsel.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the Pension & Retirement Funds' motion. Dkt. No. 25. All pending unwithdrawn motions are **DENIED**. *See* Dkt. Nos. 16, 20. The Pension & Retirement Funds are appointed as lead plaintiff for the putative class, and Robbins Geller is approved as lead counsel for the putative class.

The Court further sets a telephonic initial case management conference on November 22, 2022, at 2:00 p.m. All counsel shall use the following dial-in information to access the call:

**Dial-In:** 888-808-6929;

**Passcode:** 6064255

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines. The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by November 15, 2022.

**IT IS SO ORDERED.**

Dated: 10/13/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7