KATHERINE L. HENDERSON, State Bar No. 242676
Email: khenderson@wsgr.com
YANA PAVLOVA, State Bar No. 332858
Email: ypavlova@wsgr.com
AVA K. MEHTA, State Bar No. 341686
Email: amehta@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

JOHN C. ROBERTS JR., admitted *pro hac vice*
Email: jroberts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
701 5th Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

Attorneys for SunPower Corporation,
Peter Faricy, and Manavendra S. Sial

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| PIOTR JASZCZYSZYN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>Defendants. | Case No. 4:22-cv-00956-HSG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: June 22, 2023<br>Hearing Time: 2:00 p.m.<br>Dept.: Courtroom 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

# INTRODUCTION

Pursuant to Federal Rule of Evidence 201 and Federal Rule of Civil Procedure 12(b)(6), and in support of their concurrently filed Motion to Dismiss Plaintiff's Amended Class Action Complaint for Violations of the Federal Securities Laws, ECF No. 55 (the "Complaint"), Defendants SunPower Corporation ("SunPower"), Peter Faricy, and Manavendra S. Sial (together with SunPower, the "Defendants") respectfully request that the Court take judicial notice of and incorporate by reference the following documents referenced by Plaintiff in the Complaint and attached as Exhibits 1 through 10 (the "Exhibits") to the Declaration of John C. Roberts:

| Ex. # | Date | Description | Reference(s) in Complaint |
|---|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION ("SEC") FILINGS** | | | |
| 1 | 2021-08-03 | SunPower, Press Release, Q2 2021 Results, Exhibit 99.1 to Form 8-K | ¶¶9, 39, 40 |
| 7 | 2021-11-03 | SunPower, Press Release, Q3 2021 Results, Exhibit 99.1 to Form 8-K | ¶¶57, 58, 59 |
| 8 | 2021-02-22 | SunPower SEC Filing, Form 10-K (FY 2020) | ¶¶45, 46, 64 |
| 9 | 2021-08-04 | SunPower SEC Filing, Form 10-Q Q2 2021 | ¶¶11, 44, 45, 46 |
| 10 | 2021-11-04 | SunPower SEC Filing, Form 10-Q Q3 2021 | ¶¶14, 62, 63, 64, 68 |
| **OTHER DOCUMENTS REFERENCED IN THE COMPLAINT** | | | |
| 2 | 2021-08-03 | SunPower, Earnings Call, Q2 2021 Results | ¶¶10, 40, 41, 43 |
| 3 | 2021-10-05 | SunPower, M&A Call | ¶¶12, 52 |
| 4 | 2021-11-03 | SunPower, Earnings Call, Q3 2021 Results | ¶¶13, 59, 61, 68 |
| 5 | 2021-08-03 | SunPower, Investor Presentation, Q2 2021 Results | ¶42 |
| 6 | 2021-11-03 | SunPower, Investor Presentation, Q3 2021 Results | ¶60 |

# ARGUMENT

When resolving a motion to dismiss, the Court may consider documents if "the plaintiff refers extensively" to them or if they "form[] the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted). Documents incorporated by reference are treated "as though they are part of the complaint itself." *Id.* The Court may consider the full text of incorporated documents on a motion to dismiss "including portions which

were not mentioned in the complaint[]." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) (considering "entire content" of various SEC filings incorporated by reference).

Courts in the Northern District, including this Court, regularly judicially notice and incorporate by reference documents such as the ones referenced here: SEC filings, investor presentations, earnings call transcripts, and press releases. *In re Nektar Therapeutics*, No. 18-cv-06607-HSG, 2020 WL 3962004, at *7-8 (N.D. Cal. July 13, 2020) (Gilliam, J.) (incorporating by reference investor presentation transcripts and slide decks); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 522 F. Supp. 3d 660, 670-71 (N.D. Cal. 2021) (Gilliam, J.) (taking judicial notice of company presentations and earnings calls); *Golub v. Gigamon Inc.,* No. 17-cv-06653-WHO, 2019 WL 4168948, at *5-6 (N.D. Cal. Sept. 3, 2019) (considering documents incorporated by reference and taking judicial notice of company's SEC filings, press releases, and earnings call transcripts), *aff'd*, 994 F.3d 1102 (9th Cir. 2021).

**SEC FILINGS**

Materials filed with the SEC and otherwise publicly available materials are subject to judicial notice and incorporation by reference. *Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (finding SEC filings subject to judicial notice on a motion to dismiss); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal. 2017) (granting request for judicial notice of SEC filings because "[i]n a securities fraud case such as this one, judicial notice of such documents is generally appropriate"). This is particularly true where, as here, Defendants seek consideration of the full text of the documents that contain the allegedly false and misleading statements. *See Orexigen*, 899 F.3d at 1006 (deeming incorporated a document that incorporated allegedly "'materially misleading' statements"); *In re Ocera Therapeutics, Inc. Sec. Litig.*, No. 17-cv-06687-RS, 2018 WL 7019481, at *5-6 (N.D. Cal. Oct. 16, 2018) (deeming incorporated "the sources of the allegedly fraudulent statements"), *aff'd*, 806 F. App'x 603 (9th Cir. 2020). Indeed, contextual analysis is a bedrock principle of federal securities laws*. See In re*

*Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1414 (9th Cir. 1994) (noting basic proposition that "statements must be analyzed in context" (citation omitted)).  Accordingly, Defendants respectfully request the Court take judicial notice of and incorporate by reference Exhibits Nos. 1, 7-10.

### OTHER DOCUMENTS REFERENCED IN THE COMPLAINT

Exhibits Nos. 2-6 are public documents the Complaint refers to extensively and/or uses as the foundation of Plaintiff's securities claims.  These documents are properly considered on a motion to dismiss as though they are part of the Complaint because they are central to the claims in the Complaint.  *Orexigen*, 899 F.3d at 1003-07 (district court properly considered blog posts, internet and other articles, agency report and registration statement as incorporated by reference); *In re SunPower Corp. Sec. Litig.*, No. 16-04710-RS, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (documents referenced in the complaint "explicitly as the ground for [defendant's] false statements and scienter . . . are appropriately incorporated by reference"); *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (taking judicial notice of documents regarding the subject of the litigation because they "indicate[d] what was in the public realm at the time" (citation omitted)), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).  As such, Defendants ask the Court to take judicial notice of and incorporate by reference Exhibits Nos. 2-6.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of and consider the Exhibits attached to the Declaration of John C. Roberts, as needed, in connection with Defendants' concurrently filed Motion to Dismiss the Amended Class Action Complaint.

| | |
|---|---|
| Dated: February 24, 2023 | Respectfully submitted, |
| | **WILSON SONSINI GOODRICH & ROSATI**<br>Professional Corporation |
| | By: /s/ *Katherine L. Henderson*<br>      Katherine L. Henderson |
| | Attorneys for SunPower Corporation, Peter Faricy, and Manavendra S. Sial |