ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
KENNETH J. BLACK (291871)
SNEHEE KHANDESHI (342654)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIOTR JASZCZYSZYN, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>SUNPOWER CORPORATION, et al.,<br><br>  Defendants. | Case No. 4:22-cv-00956-HSG<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE<br><br>DATE:   June 22, 2023<br>TIME:   2:00 p.m.<br>DEPT:   Courtroom 2, 4th Floor<br>JUDGE:  Hon. Haywood S. Gilliam, Jr. |

Lead Plaintiff Steamfitters Local 449 Pension & Retirement Security Funds ("Plaintiff") respectfully submits this response and opposition to Defendants' Request for Judicial Notice and Incorporation by Reference in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF 64) ("RJN"), filed concurrently with Defendants' Notice of Motion, Motion to Dismiss Amended Class Action Complaint for Violation of Securities Laws, and Memorandum of Points and Authorities (ECF 63) ("Motion" or "Mot.").

## I.   INTRODUCTION

Defendants' request to consider ten extrinsic documents in their Motion is, at least in part, an improper attempt to dispute the factual allegations in the Complaint and "short-circuit the resolution" of Plaintiffs' "otherwise cognizable claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).[1]  For example, Defendants improperly request notice of Exhibit 2, a conference call transcript, to suggest that the substance of an alleged misstatement was "accurate." *See* Mot. at 15.  Even in the case of public records, a "'court cannot take judicial notice of disputed facts.'" *In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929 (N.D. Cal. 2022) (quoting *Khoja*, 899 F.3d at 999).  Thus, the documents in question cannot be considered for their truth to dispute the allegations of the Complaint.

Specifically, Defendants request ten documents which are, in combination, more than four times the length of the Complaint: (1) five U.S. Securities and Exchange Commission ("SEC") documents (Exs. 1, 7-10)[2] to be incorporated and judicially noticed; (2) three conference call transcripts to be incorporated and judicially noticed (Exs. 2-4); and (3) two investor slide presentations to be incorporated and judicially noticed (Exs. 5-6).  For the reasons set forth herein, Plaintiff does not object to the Court taking judicial notice of these documents, which are (briefly)

---

[1]   Unless otherwise indicated, internal citations and footnotes are omitted and emphasis is added throughout.  All "¶_" references are to the Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF 55) ("Complaint").

[2]   All "Exhibit" and "Ex." references are to the Declaration of John C. Roberts Jr. in Support of Defendants Motion to Dismiss and Request for Judicial Notice and Incorporation by Reference (ECF 65).

referenced in the Complaint. But the Court may not take notice of the truth of any purported facts in those documents.

## II.   ARGUMENT

### A.   Legal Standards

Generally, courts "'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). *Lee* requires that if "'matters outside the pleading are presented to and not excluded by the court,'" the motion is converted into a summary judgment motion and disposed of under Rule 56 of the Federal Rules of Civil Procedure. *Id.* There are two limited exceptions to this rule: judicial notice under Rule 201 of the Federal Rules of Evidence and the incorporation-by-reference doctrine. *Khoja*, 899 F.3d at 998. However, the Ninth Circuit has admonished against the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine," which have led to the "undermining of the usual pleading burdens." *Id.* at 998-99.

**Judicial Notice**: A court may only take judicial notice of a fact if it is "'not subject to reasonable dispute.'" *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (quoting Fed. R. Evid. 201(b)). A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). However, even where "the document itself is susceptible to judicial notice" that "does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. Often, there are additional facts within judicially noticeable documents which are disputed between the parties. "[A] court cannot take judicial notice of disputed facts contained in such public records." *Id.* (citing *Lee*, 250 F.3d at 689.). If a court takes judicial notice of a document, it must identify the specific fact or facts it is noticing from the document. *Khoja*, 899 F.3d at 999.

**Incorporation by Reference**: The incorporation by reference doctrine "'treats certain documents as though they are part of the complaint itself.'" *Sinatro v. Barilla Am., Inc.*, __ F. Supp. 3d __, 2022 WL 10128276, at *5 (N.D. Cal. Oct. 17, 2022). It is only appropriate for a document to be considered incorporated by reference if the "'plaintiff refers extensively to the document or the

document forms the basis of the plaintiff's claim.'" *Id.* (quoting *Khoja*, 899 F.3d at 1002). "[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Likewise, "if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002. The Ninth Circuit has made clear that the incorporation-by-reference "doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id.* at 1003. Thus, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.*

The limited application of judicial notice is especially important with respect to Rule 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws "because Rule 9(b) and the PSLRA already demand a heightened pleading standard and because [the Defendant] has 'materials to which the plaintiffs do not yet have access.'" *Weston v. DocuSign, Inc.*, 2023 WL 3000583 (N.D. Cal. Apr. 18 2023) (refusing to judicially notice documents for the truth of the matters asserted within where "[t]he size of [the defendant's] request [was] more akin to the amount of evidence submitted on summary judgment, not alongside a motion to dismiss"); *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 950 (9th Cir. 2005) ("a factual determination by the court is inappropriate in a Rule 12(b)(6) dismissal"); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1064 (C.D. Cal. 2012) (judicial notice of the truth of a document's content "would be inappropriate in the context of a motion to dismiss"). While a defendant seeking to dismiss claims of securities law violations may raise, on a motion to dismiss, opposing inferences on the element of scienter, the Supreme Court has clearly held that any such inferences must be "rationally drawn ***from the facts alleged***." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 314 (2007).

### B. Defendants' Requests for Judicial Notice and Incorporation by Reference Are Improper

Defendants ask for the wholesale judicial notice and incorporation by reference of ten documents totaling nearly 200 pages. With respect to SEC filings, conference call transcripts, and investor presentations, courts are reluctant to provide judicial notice or incorporation by notice

1  except for the limited purpose of determining what was disclosed to the market. Indeed, Defendants
2  overuse of judicial notice and incorporation by reference is alone grounds to deny their Motion. *In*
3  *re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) ("[G]iven the
4  number of documents Defendants seek to have considered, the Court finds that such documents
5  would more be appropriate in connection with a motion for summary judgment."); *DalPoggetto v.*
6  *Wirecard AG*, 2020 WL 2374948, at *1-*2 (C.D. Cal. Apr. 15, 2020) (denying request for judicial
7  notice and incorporation by reference of "six exhibits," and even denying the accompanying motion
8  to dismiss, because "the documents and the arguments raised in the pending Motion that rely upon
9  those documents would more appropriately be considered at summary judgment").
10        Here, Plaintiff does not object to the judicial notice and incorporation by reference of these
11 documents for the limited purpose of determining what was disclosed to the market. However, such
12 documents cannot be incorporated for the truth of the matters asserted or to dispute facts stated in the
13 Complaint—especially when Plaintiff has alleged the documents themselves to be misleading.

   a.  **The Court Should Not Consider the Truth of the Matter of Exhibits Alleged to Be False or Misleading**

Defendants' proffered Exhibits include statements that Plaintiffs allege to be false and misleading (Exs. 1-2, 4, 8-10).

- *Compare* Ex. 1 (SunPower Press Release dated August 3, 2021) *with* ¶¶39-40 (alleging excerpts of the August 3, 2021 Press Release to be false and misleading);

- *Compare* Ex. 2 (SunPower Earnings Call dated August 3, 2021) *with* ¶¶40-43 (alleging excerpts of the August 3, 2021 Conference Call to be false and misleading);

- *Compare* Ex. 4 (SunPower Earnings Call dated November 3, 2021) *with* ¶¶39-40 (alleging excerpts of the August 3, 2021 Conference Call to be false and misleading);

- *Compare* Ex. 8 (SunPower FY 2020 Form 10-K dated February 22, 2021) *with* ¶¶39-40 (alleging excerpts of the February 22, 2021 Form 10-K as incorporated by reference into Forms 10-Q dated August 4, 2021 and November 4, 2021 to be false and misleading);

- *Compare* Ex. 9 (SunPower 2Q21 Form 10-Q dated August 4, 2021) *with* ¶¶44-46 (alleging excerpts of the August 4, 2021 Form 10-Q to be false and misleading); and

- *Compare* Ex. 10 (SunPower Form 10-Q dated November 4, 2021) *with* ¶¶62-64 (alleging excerpts of the November 4, 2021 Form 10-Q to be false and misleading).

The Court should not indulge Defendants' request to the extent it asks the court to assume content within the documents as true, where such request's purpose is to refute the falsity of misstatements from the ***very same*** document that Plaintiff alleges was false and misleading. *See In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) ("Although courts generally assume a document's contents to be true on a motion to dismiss when that document is referenced in a complaint, the Court cannot do so when Plaintiffs' complaint alleges that these documents contain false or misleading statements."). "'[A]ssuming the truth of all of Defendants' allegedly false or misleading statements' . . . would make it 'impossible ever to successfully plead a fraud claim.'" *Khoja*, 899 F.3d at 1015 (quoting *In re ECOtality, Inc. Sec. Litig.*, 2014 WL 4634280, at *3 n.2 (N.D. Cal. Sept. 16, 2014)). Defendants' self-serving statements, especially those above contained in the same documents as the alleged false statements, cannot be presumed to be true. *In re Zynga Inc. Sec. Litig.*, 2015 WL 1382217, at *4 n.1 (N.D. Cal. Mar. 25, 2015) ("[B]ecause Plaintiff contests the accuracy of the contents of the company's public filings, the Court does not adopt the representations made in the documents for the truth of the matters asserted, but merely accepts that the public filings were made."); *see also Weston*, 2023 WL 3000583, at *10 ("I will only take notice of facts within these documents that show what representations [the defendant] made to the market. I will not consider them for the truth of . . . the facts asserted."); *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2019 WL 2491935, at *11 (N.D. Cal. June 14, 2019) (declining to take judicial notice of the truth of defendants' disclosures where "plaintiffs dispute the accuracy of the statements set forth in the September 9 proxy statement").

    **b. The Court May Not Incorporate by Reference Documents that Do Not "Serve a Basis" for Plaintiffs' Claims**

Plaintiff further objects to Defendants' request that documents be incorporated by reference, where such documents are neither "referred to 'extensively'" in the Complaint, nor "serve as a 'basis'" for Plaintiff's claims. *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co., Ltd.*, 2020 WL 998535, at *3 (S.D. Cal. Mar. 2, 2020). For example, Exhibits 5 and 6 are only

referenced once each in the Complaint (¶¶42 and 60, respectively).  Exhibits 1-2, 4, and 9-10 are referenced to the extent they constitute false or misleading statements.  Exhibit 8, a 40-page document, is only referenced to the extent that its content is incorporated by reference into other documents.  These full documents certainly do not form the basis of any of Plaintiffs' claims.  Exhibits 3 and 7 do not contain false statements at all and are only referenced to provide context to Plaintiff's Complaint.

Therefore, the Court should not incorporate by reference these Exhibits.  *See Khoja*, 899 F.3d at 1003 (finding that the incorporation by reference doctrine did not apply to a blog post cited in a two-sentence footnote and did not "form the basis of any claim in the Complaint"); *Aledlah v. S-L Distrib. Co., LLC*, 2020 WL 2927980, at *4 (N.D. Cal. June 3, 2020) (the court in that case found that a distribution agreement would be inappropriate to be "incorporated by reference because it is quoted in one paragraph of the complaint and referenced in another").

### c. Any Exhibits Incorporated by Reference or Judicially Noticed Cannot Be Used to Dispute the Allegations

Finally, Plaintiff objects to Defendants' use of their Exhibits throughout the Motion to the extent that they seek to incorporate, or alternatively request judicial notice of, such documents to dispute the Complaint's well-pleaded facts.  Even public records that are judicially noticed cannot be considered for their truth or to resolve factual disputes.  *See Splunk*, 592 F. Supp. 3d at 929.[3]  "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.  "This admonition is, of course,

---

[3] Defendants cite to cases that are inapplicable.  First, Defendants rely on cases where the requests for judicial notice are unopposed.  *In re Nektar Therapeutics*, 2020 WL 3962004, at *7 (N.D. Cal. July 13, 2020 (Plaintiffs filed no objection to Defendants' request for judicial notice.); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) ("[T]he court granted Defendants' unopposed requests for judicial notice.  Metzler does not contest the propriety of the noticing of these documents on appeal . . . ."); *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir. 2015) ("'[I]t is appropriate to take judicial notice of this information, as it was made publicly available by [the SEC], and neither party disputes the authenticity of the [documents] or the accuracy of the information displayed therein.'") (alterations in original); *Golub v. Gigamon Inc.*, 2019 WL 4168948 at *5-*6 (N.D. Cal. Sept. 3, 2019) (finding that Golub is not actually opposing judicial notice or incorporation by reference of any of the documents here).  Second, post *Khoja*, courts in the Ninth Circuit limit judicial notice and incorporation by reference.  For example, in *Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*, 522 F. Supp. 3d 660, 670-71 (N.D. Cal. 2021), the court only takes judicial notice of company presentations and earnings calls for the limited purpose of determining what was disclosed to the market.

consistent with the prohibition against resolving factual disputes at the pleading stage." *Id*. Defendants' use of SEC filings, press releases, and earnings call transcripts is improper because it asks the court to "engage in fact-finding in the course of deciding the sufficiency of the Complaint." *Id.* at 1006.

Here, Defendants use these exhibits to suggest that they gave adequate warnings to investors about the risks SunPower faced, including potential product-defect related issues (*see* Mot. at 11 (citing Exs. 2, and 4-6), 12 (citing Exs. 1 and 7), and 13 (citing Exs. 1, 5, and 7-10)) – a fact in dispute that cannot be judicially noticed. Similarly, Defendants improperly use an Exhibit to suggest that the substance of an alleged misstatement was accurate with respect to Defendants' revenue and margins, (*see* Mot. at 15 (citing Ex. 2)), which is also a question of fact.

Attempting to dispute Plaintiff's allegations with additional facts is an improper use of such evidence at this stage of the case. *See Khoja*, 899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."); *see also id.* (improper to judicially notice factual assertions from SEC filings where a defendant's purpose is to undermine the plaintiff's well-pled allegations, because even if a document like an SEC filing is generally "susceptible to judicial notice" that "does not mean that every assertion of fact within that document is judicially noticeable for its truth"); *id.* at 1000 (improper for the court to take judicial notice of earnings conference call transcripts where they are "subject to varying interpretations"); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("[Defendant] is not explaining or arguing the allegations in Plaintiffs' [Complaint] – it is trying to factually rebut them.").

Accordingly, Defendants' citations to Exhibits 1-10, to the extent they are used solely to generate fact disputes with the well-pled allegations in the Complaint, should not be considered for the truth of the matters asserted therein. *Khoja*, 899 F.3d at 1002. Thus, if the Court takes judicial notice of such documents, it should do so only for "what was said, when it was said, and who said it without prejudice to plaintiff's ability to contest the accuracy of those statements," and not the truth

of the matters asserted. *In re Impinj, Inc., Sec. Litig.*, 414 F. Supp. 3d 1327, 1333 (W.D. Wash. 2019).

### III. CONCLUSION

Defendants' RJN improperly requests that the Court consider the truth of the matter asserted in documents and/or resolve factual disputes in Defendants' favor. Plaintiff respectfully requests that the Court only take judicial notice of Exhibits 1-10 for the limited purpose of determining what was disclosed to the market.

DATED: April 21, 2023

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
KENNETH J. BLACK
SNEHEE KHANDESHI


              s/ Kenneth J. Black
            KENNETH J. BLACK

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
kennyb@rgrdlaw.com
skhandeshi@rgrdlaw.com

Lead Counsel for Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 21, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Kenneth J. Black
KENNETH J. BLACK

ROBBINS GELLER RUDMAN
  & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone: 415/288-4545
415/288-4534 (fax)
Email: kennyb@rgrdlaw.com

4894-8495-0622.v1

# Mailing Information for a Case 4:22-cv-00956-HSG Jaszczyszyn v. SunPower Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Kenneth Joseph Black**
  KennyB@rgrdlaw.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Katherine Leigh Henderson**
  khenderson@wsgr.com,lnicolini@wsgr.com

- **Snehee Khandeshi**
  skhandeshi@rgrdlaw.com

- **Phillip C Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Ava K. Mehta**
  amehta@wsgr.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,shawnw@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Yana Pavlova**
  ypavlova@wsgr.com,lnicolini@wsgr.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

- **John Charles Roberts , Jr**
  jroberts@wsgr.com,ysheard@wsgr.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Dylan Grace Savage**
  dsavage@wsgr.com,lnicolini@wsgr.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,WGravitt@rgrdlaw.com,e_file_sd@rgrdlaw.com,sbloyd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`