KATHERINE L. HENDERSON, State Bar No. 242676
Email: khenderson@wsgr.com
DYLAN G. SAVAGE, State Bar No. 310452
Email: dsavage@wsgr.com
YANA PAVLOVA, State Bar No. 332858
Email: ypavlova@wsgr.com
AVA K. MEHTA, State Bar No. 341686
Email: amehta@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000

JOHN C. ROBERTS JR., admitted *pro hac vice*
Email: jroberts@wsgr.com
WILSON SONSINI GOODRICH & ROSATI P.C.
701 5th Avenue, Suite 5100
Seattle, WA 98104
Telephone: (206) 883-2500

Attorneys for SunPower Corporation,
Peter Faricy, and Manavendra S. Sial

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PIOTR JASZCZYSZYN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>Defendants. | Case No. 3:22-cv-00956-AMO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: July 20, 2023<br>Hearing Time: 2:00 p.m.<br>Dept.: Courtroom 10, 19th Floor<br>Judge: Hon. Araceli Martínez-Olguín |

Defendants submit this Reply Memorandum of Law in response to Plaintiff's Opposition to Defendants' Request for Judicial Notice and Incorporation by Reference (ECF No. 68, the "Opposition" or "RJN Opp.") and in further support of their Request for Judicial Notice and Incorporation by Reference (ECF No. 64, "Request" or "Req.").[1]

## INTRODUCTION

Exhibits 1-10 to the Declaration of John C. Roberts (ECF No. 65, the "Exhibits") can be considered by the Court on the pending Motion to Dismiss, ECF No. 63, and nothing in Plaintiff's Opposition shows otherwise. Plaintiff does not dispute that, on the instant Motion, this Court "must consider the complaint in its entirety," as well as "documents incorporated into the complaint by reference" and "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The purpose of that rule is to allow for proper context to be presented to the Court and to prevent Plaintiff from cherry-picking favorable information at the expense of available contradictory information. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

Here, the Court can consider Exhibits 1-10 in connection with the Motion to Dismiss for two independent reasons. **First**, the Exhibits were incorporated by reference into the Complaint because they were repeatedly or extensively cited and quoted therein and/or form the basis of Plaintiff's claims. The challenged statements must be assessed in context, and Plaintiff should not be allowed to "omit[] portions [of documents] . . . that weaken-or doom-[its] claims." *Id*. **Second**, the Court can take judicial notice of information known to the public during the relevant period, including SEC filings and similar items. Defendants are not requesting the consideration of any document not first mentioned in the Complaint, and the documents are not being used to "contradict" but to provide context for the challenged statements. It should be uncontroversial that the Court should consider statements in context and draw whatever culpable or nonculpable inferences it deems appropriate. The Request should be granted.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given them in Defendants' Request (ECF No. 64) and Defendants' Motion to Dismiss (ECF No. 63).

# ARGUMENT

## I. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE SHOULD BE GRANTED

Plaintiff's Opposition does not deny that Exhibits 1-10 were quoted or referenced in the Complaint, or that certain documents contain the statements that it challenges as false or misleading.  *See* RJN Opp. 1-8 (admitting all documents are "referenced in the Complaint").  Plaintiff does not call into question the authenticity or accuracy of the SEC filings, earnings calls, and investor presentations that are the subject of the Request, documents that are routinely incorporated or noticed on motions to dismiss in securities class actions as even Plaintiff's authority recognizes.  *See In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 929-30 (N.D. Cal. 2022) (granting defendants' request for judicial notice of 10 exhibits comprising SEC filings, earnings call transcripts, conference presentation transcripts, and other publicly available documents).  Nor does Plaintiff object to judicial notice or incorporation by reference of the Exhibits for the "purpose of determining what was disclosed to the market." RJN Opp. 3-4.  In that respect, there is no real dispute between the parties, and Defendants' Request should be granted.

The Opposition does, however, raise a series of straw man arguments that warrant response from Defendants.  **First,** Plaintiff argues that the Court should deny the Request "to the extent it asks the court to assume content within the documents as true, where such request's purpose is to refute the falsity of misstatements from the *very same* document that Plaintiff alleges was false and misleading." *Id.* at 5 (emphasis in original).  Defendants are not asking the Court to "assume content within the documents is true" "to refute the falsity" of the challenged statements.  Rather, as is clear from Defendants' motion papers, Exhibits 1-10 provide critical context omitted from the Complaint that shows why Plaintiff fails to allege the statements would have been materially false or misleading to a reasonable investor.  *See Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190-91, 194 (2015) ("reasonable investor" interprets statements "fairly and in context"); *Tellabs*, 551 U.S. at 323-24 ("[t]he strength of an inference

cannot be decided in a vacuum"). Plaintiff's argument that the Court cannot assume the truth of the incorporated documents is likewise a red herring. The cited authority recites the unremarkable principle that where a complaint alleges that a document contains a false or misleading statement, "assuming the truth" of that document would necessarily make it "impossible ever to successfully plead a fraud claim" and courts may decline to do so. *See* RJN Opp. 5 (quoting *Orexigen*, 899 F.3d at 1015). Defendants never asked the Court to assume the truth of the statements Plaintiff alleges are false.

***Second***, Plaintiff argues that some or all of the documents should not be incorporated by reference because they are "neither 'referred to "extensively"' in the Complaint, nor 'serve as a "basis"' for Plaintiff's claims." RJN Opp. 5 (citation omitted). It is not clear from the Opposition to which Exhibits this argument applies, especially as Plaintiff elsewhere expressly indicated it "does not object to . . . incorporation by reference of these documents" for the stated purpose. *Id.* at 4. In any event, there can be no real dispute that each Exhibit satisfies the applicable standard. As Plaintiff admits, Exhibits 1, 2, 4, 8, 9, and 10 contain the statements alleged to be false or misleading (*see id.* at 4-6) and therefore form the basis for Plaintiff's claims; Plaintiff's suggestion otherwise is meritless and lacks all credibility. *See Orexigen*, 899 F.3d at 1006; RJN 2-3. Exhibits 3, 5, and 6 are publicly available documents quoted in the Complaint and central to Plaintiff's claims. *See* RJN 3.[2] No case Plaintiff cites compels a different result. *See Aledlah v. S-L Distrib.*

---

[2] Contrary to Plaintiff's claim, neither the number of times a document is quoted nor the length of the document is dispositive for the incorporation by reference analysis. *See In re Eventbrite, Inc. Sec. Litig.*, No. 5:18-cv-02019-EJD, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (incorporating by reference several securities documents that appeared in the complaint only once); *see also Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (incorporating by reference a document that was not explicitly referenced in the complaint). Similarly, the notion that requesting notice and incorporation of ten documents is "overuse" and *per se* objectionable (RJN Opp. 3-4) is meritless. *See In re Intel Corp. Sec. Litig.*, No. 5:20-cv-05194-EJD, 2023 WL 2767779, at *8-9 (N.D. Cal. Mar. 31, 2023) (judicially noticing and/or incorporating by reference 25 exhibits including SEC filings containing cautionary language and other "sources of [plaintiff's] challenged statements or allegations of falsity"); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (cited by Plaintiff and incorporating by reference 21 securities exhibits over plaintiff's objections). Plaintiff's authority is either inapposite or supports Defendants. *See In re Acadia Pharms. Inc. Sec. Litig.*, No. 18-CV-01647-AJB-BGS, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (defendants requested judicial notice of 56 documents); *Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2023 WL 3000583, at *10-11 (N.D. Cal. Apr. 18, 2023) (granting judicial notice of 35 exhibits and incorporation of nine); *DalPoggetto v.*
(continued...)

*Co.*, No. 20-cv-0234-JSC, 2020 WL 2927980, at *4 (N.D. Cal. June 3, 2020) (declining to incorporate a contract because none of plaintiff's claims relied on the contract); *Orexigen*, 899 F.3d at 1003 (declining to incorporate blog post referenced only once in a footnote giving historical background); *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2020 WL 998535, at *3 (S.D. Cal. Mar. 2, 2020) (declining to notice unrelated complaint referenced in the background and a settlement agreement "not referenced in the complaint at all").

**Third**, Plaintiff claims Defendants' Request is brought for the improper purpose of disputing the allegations in its Complaint. Not so. "[N]othing in [*Orexigen*] prevents [the] Court from analyzing an alleged false statement in context," and *Orexigen* "did not eradicate the rule that alleged false statements must be analyzed in context." *Eventbrite*, 2020 WL 2042078, at *7 (also noting that *Orexigen* does not prevent defendants from using either doctrine "to create factual disputes with a plaintiff's ***conclusory*** allegations") (emphasis in original).[3] That is the purpose of the Request. None of Plaintiff's cases is to the contrary. *See Orexigen*, 899 F.3d at 1002-03 (discussing the submission of "documents not mentioned in the complaint to create a defense," which "necessarily" did not form the basis of the complaint); *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) (movant requested judicial notice of statements from their own website to contradict plaintiff's factual allegations).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of and/or consider incorporated by reference Exhibits 1-10, attached to the Declaration of John C. Roberts in connection with Defendants' concurrently filed Motion to Dismiss the Amended Class Action Complaint (ECF Nos. 63, 64, 65).

---

*Wirecard AG*, No. CV 19-0986 FMO (SKx), 2020 WL 2374948, at *1 (C.D. Cal. Apr. 15, 2020) (declining to incorporate documents used, *inter alia*, to argue materiality defense to plaintiff's allegations).

[3] Nor does anything in *Orexigen* limit applicability of the caselaw Defendants cited in their Request, as Plaintiff claims. RJN Opp. 6 n.3.

| | | |
|---|---|---|
| 1 | Dated: June 12, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | **WILSON SONSINI GOODRICH & ROSATI** |
| 4 | | Professional Corporation |
| 5 | | By: /s/ *Katherine L. Henderson* |
| 6 | |         Katherine L. Henderson |
| 7 | | Attorneys for SunPower Corporation, Peter Faricy, and Manavendra S. Sial |